UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CATHERINE MILLER, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 11-2544** |
| **JANTRAN, INC.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Currently before the Court is a Motion to Transfer[1] filed by Defendant Jantran, Inc. ("Jantran") wherein Jantran requests that this Court transfer the above-captioned matter to the United States District Court for the Northern District of Mississippi pursuant to 28 U.S.C. § 1404. After considering the motion, opposition, reply, record, and applicable law, the Court will grant Jantran's Motion to Transfer.

## I. Background

This suit arises out of the drowning death of Stephen Miller on September 1, 2010. At the time of his death, Stephen Miller was a member of the crew of the M/V MR. TOM (the "MR. TOM"), a vessel owned and operated by Jantran. At the time of the incident, Stephen Miller resided within the Northern District of Mississippi. Additionally, Jantran is located in the Northern District of Mississippi, and the MR. TOM operates in the Port of Rosedale in the Northern District of Mississippi.

Catherine Miller has filed suit against Jantran "on her own behalf, on behalf of the estate of Stephen Miller, and on behalf of all other claimants listed [in the complaint]."[2] The other claimants

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 1 at ¶ V.

1

listed are JoAnn Ramiz and her three children by Stephen Miller: Tammynesha Ramiz, Steven Ramiz, and Kelvin Ramiz;[3] and Nakesha Banks and her one child by Stephen Miller: Kanesha Banks[4] (hereinafter collectively referred to as "Plaintiffs"). The Complaint alleges that Jantran violated the Jones Act and general maritime law and Plaintiffs seek damages arising from Stephen Miller's drowning.

On February 23, 2012, Jantran filed the Motion to Transfer that is currently before the Court,[5] wherein Jantran seeks transfer of this case to the Northern District of Mississippi. On March 6, 2012, Plaintiffs filed opposition to Jantran's motion.[6] Following leave of court, Jantran filed its reply on March 14, 2012.[7]

## II. Law and Analysis

*A. Applicable Law*

Change of venue in admiralty cases, like in ordinary civil actions, is governed by 28 U.S.C. § 1404(a).[8] Section 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[9] Thus, under 28 U.S.C. § 1404(a), there exists a threshold inquiry of whether the suit originally could have been

---

[3] *Id*. at ¶ III.

[4] *Id*. at ¶ IV.

[5] Rec. Doc. 9.

[6] Rec. Doc. 10.

[7] Rec. Doc. 14.

[8] *See Continental Grain Co. v. The FBL - 585*, 364 U.S. 19, 26-27 (1960).

[9] 28 U.S.C. § 1404(a).

brought in the venue where the action is sought to be transferred.[10] After this has been established, the court must consider whether the transfer would serve the convenience of the parties and witnesses and the interest of justice.[11] Either party may move for transfer,[12] and "the same treatment and consideration should be given to the motion for transfer regardless of who [moves for transfer]."[13] The court is afforded broad discretion in deciding whether good cause exists such that transfer pursuant to Section 1404(a) will serve the interest of justice.[14]

In exercising the court's broad discretion, the court is to undertake "an 'individualized, case-by-case consideration of convenience and fairness.'"[15] In doing so, the court considers private and public interest factors first outlined by the United States Supreme Court in *Gulf Oil Corporation v. Gilbert*.[16] When looking to the private interest factors, the court considers: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[17] When looking to the public interest factors, the court considers: "(1) the administrative difficulties flowing from court congestion; (2)

---

[10] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.").

[11] *See* 28 U.S.C. § 1404(a).

[12] *See Ferens v. John Deere Co.*, 494 U.S. 516, 529-530 (1990).

[13] *In re Volkswagen AG*, 371 F.3d at 204 (citing *Ferens*, 494 U.S. at 530).

[14] *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

[15] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

[16] 330 U.S. 501 (1947). *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc).

[17] *In re Volkswagen of Am.*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d at 204).

3

the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[18] Further, the Supreme Court in *Gilbert* noted that as a factor of public interest, "[j]ury duty is a burden that ought not be imposed upon people of a community which has no relation to the litigation."[19] These private and public interest factors are "appropriate for most transfer cases," but they "are not necessarily exhaustive or exclusive,"[20] and no one factor is dispositive.[21]

Additionally, "it is clear under Fifth Circuit precedent that the plaintiff's choice of forum is [] a factor to be considered," but it alone "is neither conclusive nor determinative."[22] However, a plaintiff's choice of forum is given less weight when the plaintiff does not reside in the chosen forum and when the operative facts underlying the action occurred outside of the plaintiff's chosen forum.[23]

---

[18] *Id.*

[19] 330 U.S. at 508-09.

[20] *In re Volkswagen of Am.*, 545 F.3d at 315.

[21] *Id.* ("Moreover, we have noted that 'none ... can be said to be of dispositive weight.'" (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

[22] *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) (citing *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970)).

[23] *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). *See also Molina v. Vilsack*, No. V-09-40, 2009 U.S. LEXIS 119297, at *5-*6 (S.D. Tex. Dec. 23, 2009) (explaining that a plaintiff's choice of forum is given less weight when it has little or no factual connection to the case and when the plaintiff is not from the chosen forum) (citing *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001); *Miller v. Kevin Gros Marine, Inc.*, No. G-05-531, 2006 U.S. Dist. LEXIS 26618, at *3 (S.D. Tex. 2006)).

*B. Analysis*

    *1. Proper Venue*

First, the Court must determine whether Plaintiffs could have brought suit against Jantran in the Northern District of Mississippi. In this case, the Northern District of Mississippi has jurisdiction over the case under the maritime jurisdiction of all federal district courts.[24] Further, venue is proper in the Northern District of Mississippi because Jantran, the defendant, resides within that court's jurisdiction.[25] For these reasons, this Court finds that the Northern District of Mississippi is a proper venue for transfer.

    *2. Private Interest Factors*

        a. <u>Relative Ease of Access to Sources of Proof</u>

Although "access to some sources of proof presents a lesser inconvenience now than it might have" prior to the ease of electronic transfers of information, this "does not render this fact superfluous."[26] Jantran argues that the sources of proof primarily will be (1) witnesses who were crew members of the MR. TOM and (2) the additional fleet boats that were working in the area on the night of the incident. Jantran states that the witnesses live in Mississippi, not Louisiana. Additionally, Jantran argues that any witnesses who will offer testimony about Stephen Miller's life jacket and Jantran's safety rules are located in Mississippi. Further, Jantran contends that the MR. TOM itself is located within the Northern District of Mississippi, in the Port of Rosedale, which is

---

[24] 28 U.S.C. § 1333.

[25] 28 U.S.C. § 1391(b)(1).

[26] *In re Volkswagen of Am.*, 545 F.3d at 316.

approximately 323 miles from New Orleans, Louisiana.[27]

In opposition, Plaintiffs argue that the location of Jantran's safety rules and Stephen Miller's life jacket do not favor transfer because documents are easily exchanged via electronic transfer or mail, and the life jacket is portable enough to bring to the Eastern District of Louisiana. Plaintiffs further contend that the location of the MR. TOM does not favor transfer as Jantran will have ease of access to the vessel because both Jantran and the vessel are located in the Northern District of Mississippi.

However, the ease of transfer does not mean that the forums are equally convenient, and the Court finds Jantrans's argument persuasive that any relevant evidence is likely to be located within the Northern District of Mississippi, as the MR. TOM, Jantran's safety rules, and Stephen Miller's life vest are all located in Rosedale, Mississippi. Thus, this factor weighs in favor of transfer.

### b. Availability of Compulsory Process and Cost of Attendance of Willing Witnesses

Under Federal Rule of Civil Procedure 45(c)(3)(ii), a nonparty witness may quash a subpoena if the witness would be required to travel more than 100 miles from where he lives or works. Jantran argues that, although some witnesses may be current employees of Jantran whose attendance can be compelled by this Court, some may not be. Further, Jantran argues that while some of these potential witnesses may currently be employees of Jantran, due to the high turnover and attrition rate in the industry, these individuals may not be employed by Jantran at the time of trial. Jantran contends that none of these potential witnesses are residents of Louisiana or within the

---

[27] Affidavit of Leslie Jenkins, Rec. Doc. 9-4 at p. 2.

subpoena power of this Court.

Jantran explains that it recently moved to transfer another case against it from the Eastern District of Louisiana to the Northern District of Mississippi, *Johnny Carnett v. Marquette Transportation Company, LLC*, wherein the MR. TOM was also a defendant.[28] There, Jantran stated that all potential witnesses were employees of Jantran at the time of the filing of the motion and lived in the Northern District of Mississippi.[29] Jantran did not, however, argue that these employees were likely to end their employment relationship with Jantran prior to trial.[30] The court denied Jantran's motion, but by the time the case was ready for trial, three witnesses who had previously been employed by Jantran were no longer employed by Jantran, and the witnesses, who were outside of the court's subpoena power, refused to voluntarily appear at trial. Jantran contends that the same problems will likely occur in this case if it is not transferred to the Northern District of Mississippi.

In response, Plaintiffs contend that the availability of compulsory process to secure the attendance of witnesses weighs against transfer in this case. First, Plaintiffs argue that Jantran has not provided any evidence that any of the potential witnesses live in Mississippi. Second, Plaintiffs contend that many of the potential witnesses identified by Jantran likely will not contribute any information about the circumstances surrounding the incident and the subsequent death of Stephen Miller because Jantran itself states that there were no eyewitnesses. Further, Plaintiffs argue that even if these potential witnesses do live within the Northern District of Mississippi and are able to

---

[28] Civil Action No. 08-4189.

[29] *Id.*, Rec. Doc. 36-1 at pp. 2-3.

[30] *Id.*

7

provide relevant testimony, because they are employed by Jantran, Jantran can ensure their attendance at trial.[31] Finally, Plaintiffs argue that even if these potential witnesses terminate their employment with Jantran, there is no evidence that they will more likely be subject to the subpoena power of the Northern District of Mississippi because, as seamen, it is impossible to predict where they will be working when trial occurs.

Regarding willing witnesses, the Fifth Circuit has stated that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."[32] In its motion, Jantran does not address whether the cost of attendance for willing witnesses favors transfer. Plaintiffs, however, argue that Jantran will not suffer increased deposition costs because Plaintiffs are willing to take Jantran's witnesses' depositions near the witnesses' residences and/or use electronic conferencing technology to depose these witnesses from a more convenient location to the witnesses. Further, Plaintiffs state that Jantran's employees, as seamen, may be at distant ports at the time of trial and, as such, the cost would be similar if trial were in either district. Additionally, Plaintiffs argue that the seamen's testimony at trial may be submitted in the form of depositions and that many of these individuals are employees of Jantran, diminishing any inconvenience. Further, Plaintiffs argue that while they, the representatives and survivors of Stephen Miller, reside in the Northern District of Mississippi, they are willing to bear the costs of

---

[31] Plaintiffs cite *Carpenter v. Parker Drilling Offshore United States, Inc.*, 05-265, 2005 U.S. Dist. LEXIS 11979, at *6 (E.D. La. June 16, 2005) (Barbier, J.) ("control over witnesses by an employer essentially diminishes or even negates the protest of inconvenience because the defendant will be able to compel their testimony at trial.").

[32] *In re Volkswagen AG*, 371 F.3d at 204-05.

8

a trial in the Eastern District of Louisiana.

The Court finds that the availability of compulsory process and the cost of attendance for willing witnesses slightly favors transfer in this case. Although Jantran has not submitted evidence that the potential witnesses live within the Northern District of Mississippi, Jantran has submitted evidence that none of the potential witnesses live within the Eastern District of Louisiana and that all of the potential witnesses, at the time of the accident, were affiliated with Jantran and worked within the Northern District of Mississippi.[33] Further, while some of these witnesses may currently be employed by Jantran, due to the high turnover rate in Jantran's industry, the Court finds a distinct possibility that these potential witnesses will not be employed by Jantran at the time of trial. Similarly, regarding the cost of attendance for willing witnesses, although these witnesses may be able to testify through deposition or other means, the Court cannot say that it is equally convenient for the case to be tried here when none of these potential witnesses reside within the Eastern District of Louisiana. Additionally, the Court notes that Plaintiffs' willingness to bear the costs to travel to the Eastern District of Louisiana has no bearing on whether other witnessed will be so inclined. Therefore, the Court finds that, in sum, these factors slightly favor transfer.[34]

---

[33] Affidavit of Leslie Jenkins, Rec. Doc. 9-4 at pp. 1-2.

[34] The parties do not address whether any other "practical considerations that make the trial of a case easy, expeditious, and inexpensive" favor maintaining this action in the Eastern District of Louisiana or transferring this action to the Northern District of Mississippi. Therefore, the Court finds this factor neutral.

*3. Public Interest Factors*

*a. Local Interest[35]*

"It is well established that the local interest in deciding local issues at home favors transfer to a venue that will vindicate such an interest."[36] When the underlying facts of a case are overwhelmingly tied to one locale, a court may properly consider the place of the alleged wrong when considering the local interest.[37] Here, Jantran argues that the place of the alleged wrong weighs in favor of transfer to the Northern District of Mississippi, as the accident occurred within that district. Additionally, Jantran argues that none of the parties or potential witnesses are residents of the state of Louisiana. Further, Jantran states that the MR. TOM operates exclusively within the Port of Rosedale harbor area.

In opposition, Plaintiffs argue that "because Jantran has defended cases in this jurisdiction before, the [Eastern District of Louisiana] has an interest in adjudicating this matter because it concerns safety standards of companies who operate on its waterways."[38]

---

[35] The parties' arguments only address the "local interest" and "burden of jury duty" aspects of the public interest factors. The Court notes that the "familiarity of the forum with the law to be applied" and "avoidance of unnecessary conflict of law factors" do not apply here, as this case arises under the admiralty and maritime laws of the United States. As such, the Court's analysis will only address the factors addressed by the parties.

[36] *R.T. Casey, Inc. v. Cordova Tel. Coop., Inc.*, No. 11-2794, 2012 WL 1188796, at *4 (E.D. La. Apr. 9, 2012) (Vance, C.J.) (citing *Piper Aircraft*, 454 U.S. at 241 n. 6).

[37] *In re Volkswagen of Am.*, 506 F.3d 376, 387 n. 7. (5th Cir. 2007), *overturned on other grounds*, 545 F.3d at 304.

[38] Rec. Doc. 10 at p. 12.

Based on the facts alleged in this case, the Court finds that the local interest factor strongly favors transfer to the Norther District of Mississippi. It is undisputed that the accident occurred in the Northern District of Mississippi and that none of the parties reside within the Eastern District of Louisiana. In fact, Jantran is alleged to have its principal place of business in Rosedale, Mississippi and Plaintiffs, Catherine Miller and all of Stephen Miller's representatives and survivors, reside in the Northern District of Mississippi. Further, the incident occurred while Stephen Miller was on board the MR. TOM, a vessel that operates exclusively within the Port of Rosedale harbor area. Because the Eastern District of Louisiana has minimal interest[39] in this suit and the Northern District of Mississippi has a strong interest in this case because the facts of the case are "overwhelmingly tied" to the Northern District of Mississippi, this factor strongly favors transfer to the Northern District of Mississippi.

### b. The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

The complaint filed against Jantran in this action included a jury demand.[40] Because the Eastern District of Louisiana has no substantial interest in this suit, it would be unfair to burden its

---

[39] While Plaintiffs argue that the Eastern District of Louisiana has an interest in this case "concerns safety standards of companies who operate on [Louisiana's] waterways," the Court finds that this interest is minimal and severely outweighed by the facts that none of the parties reside within this district and that the accident did not occur within this district.

[40] Rec. Doc. 1 at ¶ XIV.

11

citizens with jury duty in this matter.[41]  Therefore, this factor also strongly favors transfer to the Northern District of Mississippi.

### 4. *Plaintiffs' Choice of Forum*

While courts typically place significant weight on a plaintiff's choice of forum, this weight is substantially diminished when the plaintiff chooses a forum that is unrelated to the operative facts or in which the plaintiff does not reside.[42]  Plaintiffs admit that they all reside in the Northern District of Mississippi[43] and it is undisputed that the accident that is the subject of this suit occurred in the Northern District of Mississippi.  Therefore, Plaintiffs' choice of forum is entitled to little weight in determining whether transfer is appropriate.

## III. Conclusion

Considering all of the private and public interest factors, the factors overwhelmingly favor transfer to the Northern District of Mississippi. The accident occurred in the Northern District of Mississippi, and all of the parties are residents of the Northern District of Mississippi.  Therefore, the Northern District of Mississippi has a strong interest in deciding this local matter, and it would be unfair to burden the citizens of the Eastern District of Louisiana with jury duty.  Additionally, no potential witnesses reside within the Eastern District of Louisiana.  Moreover, while a plaintiff's

---

[41] *Gilbert*, 330 U.S. at 508-09.  *See also United Nat. Ins. Co. v. EOG Resources, Inc.*, 2007 WL 3001668, at *7 (S.D. Tex. Oct. 11, 2007).

[42] *See Piper Aircraft Co*, 454 U.S. at 255-56.  *See also Molina v. Vilsack*, 2009 U.S. LEXIS 119297, at *5-*6 (explaining that a plaintiff's choice of forum is given less weight when it has little or no factual connection to the case and when the plaintiff is not from the chosen forum) (citing *Hanby*, 144 F. Supp. 2d at 677; *Miller*, 2006 U.S. Dist. LEXIS 26618, at *3)).

[43] Rec. Doc. 10 at p. 11.

choice of forum is normally given substantial weight, it is of little consequence here, because Plaintiffs have chosen a forum in which they do not reside and which is unrelated to the facts at issue in this case. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue[44] is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned case be transferred to the United States District Court for the Northern District of Mississippi, pursuant to 28 U.S.C. § 1404(a).

**NEW ORLEANS, LOUISIANA**, this  8th  day of June, 2012.

                                            **NANNETTE JOLIVETTE BROWN**
                                            **UNITED STATES DISTRICT JUDGE**

---

[44] Rec. Doc. 9.